UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Arnold Chapman, Individually and as the Representative of a class of similarly-situated persons,<br>      Plaintiff,<br>v.<br>Wagener Equities, Inc.<br>      Defendant. | Civil Action No.: 09 cv 7299 |

## NOTICE OF REMOVAL

Pursuant to U.S. Const. art. III, § 2, 28 U.S.C. § 1331, 28 U.S.C. § 1367(a) and 28 U.SC. § 1441(a), Wagener Equities, Inc. ("Wagener Equities"), the sole defendant in this civil action, removes the above-captioned lawsuit from the Circuit Court of Lake County, Illinois, in which it is currently pending as Case No. 09 CH 4028, to the United States District Court for the Northern District of Illinois. As grounds for the removal of this civil action, Wagener Equities states as follows:

**I. PROCEDURAL BACKGROUND**

1. On September 18, 2009, plaintiff filed a putative class action complaint in the Circuit Court of Lake County, Illinois, Case No. 09 CH 4028 (the "Action"). Wagener Equities was served with the Summons and Complaint on November 9, 2009. In the Action, plaintiff contends that Wagener Equities caused unsolicited advertising to be transmitted via facsimile to plaintiff and to a putative national class. A copy of the Class Action Complaint and accompanying Summons filed in the Action are attached to this Notice of Removal as Exhibit A and the Motion for Class Certification filed in the Action is attached to this Notice of Removal as Exhibit B.

1

2. In the Action, the plaintiff contends that the allegedly unsolicited facsimile transmissions at issue violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA"). Plaintiff also contends that the facsimile transmissions unlawfully converted its and other putative class members' facsimile machines, paper and toner.

## II. THE REQUIRED DOCUMENTS ARE ATTACHED

3. In accordance with 28 U.S.C. § 1446(a), copies of the Class Action Complaint and Summons filed in the Action are attached to this Notice of Removal as Exhibit A and the Motion for Class Certification filed in the Action is attached to this Notice of Removal as Exhibit B. These attached documents constitute the entirety of all process, pleadings and orders served upon Wagener Equities in the state court proceeding.

## III. REMOVAL IS TIMELY

4. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed, as it was filed within thirty days after Wagener Equities first received service of the Class Action Complaint and Summons filed in the Action. *See Murphy Bros. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-56 (1999) (holding that the removal period is triggered by simultaneous service of summons and complaint or by receipt of complaint through formal service.) Plaintiff served its Complaint and accompanying Summons in the Action on Wagener Equities on November 9, 2009.

5. There are no other defendants named in this action.

## IV. WRITTEN NOTICE HAS BEEN GIVEN

6. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on plaintiff's counsel and a Notice of the Notice of Removal is being filed with the Clerk of the Circuit Court, Circuit Court of Lake County, Illinois.

## V.     JURISDICTION AND VENUE ARE PROPER

7.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because plaintiff's TCPA claims arise under the laws of the United States. *See Brill v. Countywide Home Loans, Inc.*, 427 F. 3d 446, 450-51 (7th Cir. 2005) (holding that nothing in the TCPA prevents claims based thereon from being removed to federal court pursuant to 28 U.S.C. §§ 1331 and 1441.)

8.     Furthermore, the Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy.

9.     The United States for the Northern District of Illinois, Eastern Division, is the federal judicial district embracing the Circuit Court of Lake County, Illinois, where this civil action was originally filed. Venue, therefore, is proper under 28 U.S.C. § 93(a)(1).

WHEREFORE, Wagener Equities respectfully requests that this matter be removed from the Circuit Court of Lake County, Illinois, that this Court exercise its jurisdiction over this action and that the Court grant Wagener Equities all other appropriate relief.

Respectfully submitted,

By:   /s/ Robert C. Heist
        One of the attorneys for Wagener Equities, Inc.

Robert Connor Heist (#6203070)
Anne-Marie Foster (#6282887)
R. Connor & Associates, P.C.
10 S. Riverside Plaza, Suite 1830
Chicago, IL 60602
312/780-1976 Telephone
312/780-1980 Facsimile
DATED: November 20, 2009