# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ARNOLD CHAPMAN and PALDO SIGN AND DISPLAY COMPANY, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WAGENER EQUITIES, INC. and )<br>DANIEL WAGENER )<br>)<br>Defendants. | No. 09-CV-07299<br><br>Judge John J. Tharp, Jr. |

## MEMORANDUM OPINION AND ORDER

Arnold Chapman and Paldo Sign and Display Company (collectively "Paldo") sued Wagener Equities, Inc. and Daniel Wagener (collectively "Wagener") for violations of the Telephone Consumer Protection Act. The jury returned a special verdict in favor of Wagener, which was affirmed by the Seventh Circuit. *Paldo Sign & Display Co. v. Wagener Equities, Inc.*, 825 F.3d 793, 794 (7th Cir. 2016). When the Supreme Court denied certiorari, Wagener moved for an order on its pending bill of costs. Paldo filed numerous objections and Wagener was given leave to file a reply. For the reasons stated below, the Court awards Wagener costs in the amount of $20,745.70.

## DISCUSSION

Wagener's bill of costs claims $35,814.85 in costs in this court and $100.50 in appellate court costs. Rule 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In assessing whether a given cost can be recovered, the Court must engage in a two part inquiry: "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). The applicable

federal statute, 28 U.S.C. § 1920, lays out six categories of costs: fees of the clerk and marshal; fees "for printed or electronically recorded transcripts necessarily obtained for use in the case"; fees for printing and witnesses; fees for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; docket fees; and compensation of interpreters and court appointed experts. The Court is generally confined to these categories unless an expense can be "properly regarded as a component" of a listed fee. *Harney v. City of Chicago*, 702 F.3d 916, 927 (7th Cir. 2012). With this is mind, the Court addresses each of Paldo's objections below.

**I. Attorney Lodging and Travel**

Wagener claimed $10,847.50 as costs for attorney lodging and travel to depositions. *See* Pl.'s Resp. at 3, ECF No. 332. Wagener argues that travel to these depositions was necessary because under Rule 45(c), the deponents would not have had to comply with their subpoenas if their deposition was not taken within 100 miles of their location. *See* Def.'s Reply at 4, ECF No. 335. The Seventh Circuit has clearly stated, however, that travel and lodging for attorneys and paralegals cannot be reimbursed as a cost. *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997). Such expenses are not listed in § 1920 and are therefore only recoverable as a part of attorney's fees. *See also Dual-Temp of Illinois, Inc. v. Hench Control Corp.*, No. 09 CV 00595, 2015 WL 3896928, at *4 (N.D. Ill. June 23, 2015) ("Absent some other statutory authority, costs available to a prevailing party under Rule 54(d)(1) are limited to those specified in 28 U.S.C. § 1920. Attorney travel expenses for depositions are not listed as a recoverable cost; therefore they are not recoverable."). Therefore, Wagener's bill of costs will be reduced by $10,847.50.

**II. Transcript Copy Fees**

Next, Paldo objects to $320 for condensed transcript or e-transcript copies that were in addition to the cost for the original transcript. *See* Pl.'s Resp. at 4-5. Wagener argues that it actually incurred those costs, but cites no authority for the proposition that additional copies should be allowed when the costs were actually incurred and of a "limited nature." *See* Def.'s Reply at 5. Local Rule 54.1(b) provides that "only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed." Thus, a prevailing party is allowed to include the cost of the original transcript and one additional transcript. *See also Pezl v. Amore Mio, Inc.*, No. 08 C 3993, 2015 WL 2375381, at *2 (N.D. Ill. May 13, 2015). The Court therefore allows the listed single copies except for in the case of the March 17, 2011 deposition of Wagener's corporate representative, in which both a condensed transcript and an e-transcript were ordered. This would amount to two copies beyond the original, which is not allowed under the local rules. Therefore, the Court reduces Wagener's costs by $25 (the cost of the extra transcript).

**III. Litigation Support Disks**

Paldo further objects to $164 in litigation support disks and archiving fees. Such disks are generally considered to be for the convenience of the lawyer rather than a necessary expense. *See Wilson v. Career Educ. Corp.*, No. 11 C 5453, 2016 WL 1719770, at *4 (N.D. Ill. Apr. 29, 2016). Wagener makes no argument that these fees were actually necessary other than a $30 archiving fee, which it argues would have been assessed regardless of if a support disk was requested. The Court agrees that the mandatory archiving fee for the Plaintiff's deposition is a reasonably necessary deposition expense, but that the other support disks appear to be merely for counsel's convenience. Therefore, the Court denies Wagener $134 in costs.

**IV. Exhibit Copies**

Paldo objects to $1301.02 in exhibit copying fees, arguing that Wagener has failed to demonstrate such costs were necessary. It also objects that in "almost every instance," the requested copy rates are above the $0.20 a page that has been found reasonable in this district. *See* Pl.'s Resp. at 6-7; *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 52 F. Supp. 3d 893, 898 (N.D. Ill. 2014) ("10 to 20 cents per page that is generally considered reasonable"). Wagener responds that copies of the deposition exhibits were necessary in order to understand the deposition testimony as the exhibits are not included in the ordinary transcript fee. *See* Def.'s Reply at 5-6. The Seventh Circuit has previously denied a litigant the cost of copying exhibits already in his possession. *Cengr v. Fusibond Piping Sys.*, 135 F.3d 445, 456 (7th Cir. 1998). Paldo argues that the exhibits in "several instances" were already in Wagener's possession, which Wagener appears to deny. The documentation does not reveal exactly what exhibits were copied, but a litigant is only "required to provide the best breakdown obtainable from retained records." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Recognizing that a small number of the copied exhibits may have been in Wagener's possession, the Court finds it was reasonable to request a single copy of the deposition exhibits when doing so was necessary to understanding the deposition transcripts. The rate per page, however, is significantly higher (50-75 cents per page) than typically accepted as reasonable in this district. Therefore, the Court denies $621.20, such that the cost per page does not exceed 20 cents per page.

**V. Deposition Transcript Costs**

Next, Paldo points out that several of the depositions and transcript copies exceed the Judicial Conference rates of $3.65 per page for the original and $0.90 per page per copy, totaling

$1,781.85 of costs beyond those allowed by the rules. Local Rule 54.1(b) provides that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." Wagener argues again that it should be paid the costs it actually incurred. The Supreme Court has noted, however, that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). In the alternative, Wagener argues that it should be allowed to charge the expedited rates set by this district for the pre-trial hearings and daily trial transcripts. Wagener notes that these few transcripts contained extensive oral rulings. The Court agrees that it was reasonable to request those transcripts at the expedite rate, but declines to write a blank check for all of Wagener's actual costs when the allowable rates were clear. Therefore, the Court denies $1,387.70 in transcript costs above the district's listed rates.

**VI. Court Reporter Fees**

Paldo further objects that the court reporter fees are excessive because they are higher than the maximum rates allowed in this District. Paldo further objects to fees for the deposition of Conor Melville (also known as Kevin Wilson) on the ground that Melville refused to attend his deposition. Wagener continues to rely on its argument that its actual costs should be covered rather than its reasonable and necessary costs. Local Rule 54.1(b) provides that "[c]ourt reporter appearance fees may be awarded in addition to the per page limit, but the fees shall not exceed the published rates on the Court website unless another rate was previously provided by order of court." *See also Harney v. City of Chicago*, 702 F.3d 916, 927 (7th Cir. 2012) (allowing court reporter attendance fees in addition to transcript fees). The higher fees charged here were not

authorized by this Court prior to the depositions, and therefore the Court denies the $398.25 of court report fees that exceed this District's approved rate.

At least one court of this circuit has approved court reporter and transcript fees for a deponent who did not appear. *See Merryman v. Sarah Fisher/Hartman Racing LLC*, No. 1:13-CV-00849-TWP, 2015 WL 1823525, at *2 (S.D. Ind. Apr. 20, 2015). There, the court approved deposition costs where party argued that they were necessary to show its opponent's "failure to produce its witness in anticipation of trial and for the defense of the litigation generally." *Id*. Here, Wagener has similarly argued that "the transcript for Mr. Melville's deposition was used to make a record of Mr. Melville's non-appearance." *See* Bill of Costs at 10, ECF No. 312. The Court agrees that proving a witness's failure to appear is a reasonable use and therefore overrules Paldo's objections to the fees associated with that deposition.

**VII. Submitting Party's Copy**

Paldo next objects to $1,138.60 in copying costs because Wagener indicated that one copy of each document was "for the submitting party's records for use in trial preparation." *See* Pl.'s Resp. at 9. 28 U.S.C. § 1920(4) allows for the "costs of making copies of any materials where the copies are necessarily obtained for use in the case." The Seventh Circuit has held that "the cost of copies made by an attorney for his or her own records is not recoverable," but acknowledged it had previously upheld costs awarded for copies made for the use of a party's attorneys. *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009). Copies "made solely for the convenience of counsel" are generally not recoverable. *Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 11 CV 2450, 2015 WL 351244, at *7 (N.D. Ill. Jan. 27, 2015). Wagener asserts its copies were not for convenience and that the single copy was for counsel's use "in court or other trial preparation." *See* Bill of Costs at 14. The Court finds that a single copy that is actually

used in trial or for trial preparation, rather than for mere record-keeping, is reasonable and necessary. Thus, the Court overrules Paldo's objections to the listed copies.

**VIII. Interpreter Costs**

Next, Paldo objects to $557.00 in interpreter fees on two grounds. Paldo argues Wagener failed to specify the length of time the interpreter worked (full day or half day) and whether the interpreter was certified or not. It further argues that the cancellation fee charged by the interpreter is not a reimbursable cost. In its reply, Wagener provided evidence that its interpreters were certified and that the deposition was not a full day. Wagener appears to agree that its fees should therefore be reduced by $234, so that it is paid the maximum for a half day of certified translation services ($226). The Court therefore reduces Wagener's costs by $234.

As to the cancellation fee, Wagener points out that the person who required the interpreter was the plaintiff's wife. Wagener, therefore, had no control over whether or not the deponent appeared (while Paldo did). Other courts have indicated that the party responsible for a last-minute cancellation should be the one to pay the cost of any cancellation fee. *See Ayala v. Rosales*, No. 13-CV-04425, 2016 WL 2659553, at *5 (N.D. Ill. May 9, 2016) ("Plaintiff should not be responsible for Defendants last minute cancellation of the interpreter."); *Cascades Computer Innovation, LLC v. Samsung Elecs. Co.*, No. 11 C 4574, 2016 WL 612792, at *8 (N.D. Ill. Feb. 16, 2016) ("There is likewise no reason Samsung should be required to shoulder any portion of the cancellation fee one interpreter charged when Cascades rescheduled the Kim deposition."). Ms. Chapman was the plaintiff's wife and failed to show up for her scheduled deposition, which Wagener was ready to conduct. Fault for the cancellation lies with the plaintiffs. Therefore, the Court overrules Paldo's objections to the cancellation fee.

**IX. Service Costs and Witness Fees**

Finally, Paldo argues that Wagener's service costs and witness fees should be reduced for failure to provide adequate documentation. Primarily, Paldo objects that Wagener's invoices fail to state how many hours were spent attempting to serve each witness. Wagener primarily responds that its high service costs were a result of its need to locate and depose individuals who were in Paldo's control (or at least in communication with Paldo). Wagener provides no citations suggesting such factors are frequently considered by courts in determining whether to allow such costs. A prevailing party is entitled to "recover service costs that do not exceed the marshal's fees, no matter who actually effected service." *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). "If a party seeks to recover private service fees without providing evidence of what hourly rate the private server charged, how much time he spent trying to serve process, or other information needed to determine if his rate exceeded that charged by the Marshal, then the appropriate practice is to award the lesser of the amount that the party actually paid and the minimum charge of the U.S. Marshals." *Oleksy v. Gen. Elec. Co.*, No. 06-CV-1245, 2016 WL 7217725, at *3 (N.D. Ill. Dec. 12, 2016) (internal quotation marks omitted).

None of Wagener's documentation indicates how many hours were spent or what the hourly rate charged by the private server was. Therefore, the Court will award the minimum $65 charge used by the Marshal for each day on which service was attempted. Paldo also notes several places in which Wagener claimed advanced witness fees charged by the process server, but also claimed those witness fees separately on the day of each deposition. The Court allows only one witness fee per witness per day. The minimum service charges and duplicate witness fees reduce Wagener's costs by $1,512.

Paldo lastly objects to the $75 charge for a skip trace to locate Conor Melville. Paldo argues that Wagener has failed to demonstrate why this was necessary and argues that deposition costs cannot be awarded for a witness who is not actually deposed. *See Kateeb v. Dominick's Finer Foods, Inc.*, No. 96 C 1229, 1997 WL 630185, at *2 (N.D. Ill. Sept. 30, 1997) ("Although costs may be recovered for a witness who was expected to be called at trial, costs may not be recovered for a deposition witness who is not ultimately deposed."). Melville, however, was a deeply important witness who appears to have actively evaded being a part of this proceeding (such as by refusing to appear for his deposition). When a witness is evading service, a skip trace may be reasonably necessary to locate the witness. Furthermore, Melville's refusal to participate was not Wagener's fault – this is not a case in which a party located a witness and then determined it would not be worthwhile to depose him. Therefore, the Court allows $65 (the Marshal's rate of service) of the $75 charge and reduces Wagener's costs by $10.

\*     \*     \*

A prevailing party is entitled to the reasonable compensable expenses listed in 28 U.S.C. § 1920. *See Cefalu v. Village Of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). In this litigation, prevailing party Wagener claimed $35,814.85 of costs in this court and $100.50 in appellate costs. After thoroughly reviewing the parties' submissions, objections, and responses, the Court finds that $15,169.65 are either not covered by the statute or unreasonable in light of this District's reasonable rates and the documentation provided. Therefore, the Court awards Wagener $20,745.70 in costs (including appellate costs).

Dated: July 12, 2017

John J. Tharp, Jr.
United States District Judge